Daniel E. Thenell, OSB No. 971655
dan@thenelllawgroup.com
Thenell Law Group, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KIMBERLY SUNDQUIST and ERIC SUNDQUIST, a married couple,<br><br>Plaintiffs,<br><br>vs.<br><br>SHARKNINJA OPERATING LLC, a foreign Limited Liability Company, SHARKNINJA MANAGEMENT LLC, a foreign Limited Liability Company, SHARKNINJA SALES CO., a foreign Corporation, and WALMART, INC, a foreign corporation,<br><br>Defendants. | Case No. 3:22-CV-01082 SB<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Plaintiffs, Kimberly and Eric Sundquist (jointly "Plaintiffs") by and through their attorneys, Thenell Law Group, P.C., on behalf of themselves, brings this Complaint against Defendants SHARKNINJA OPERATING LLC, SHARKNINJA MANAGEMENT LLC, SHARKNINJA SALES CO AND WALMART INC, foreign corporations, and upon information and belief, alleges as follows:

1.

This is an action for damages relating to Defendants' design, development, assembling, manufacturing, packaging, promoting, marketing, distribution, supplying, and/or selling the

defective device sold under the trade name Nutri Ninja Pro (hereinafter "Defective Device"). The Defective Device includes a motor base, a power cord, a Pro Extractor blade assembly and one or more Ninja Cups.

## PARTIES, JURISDICTION, AND VENUE

2.

Plaintiff Kimberly Sundquist ("K. Sundquist") was a citizen of Crook County, Oregon, at all times relevant to this action. Plaintiff Eric Sundquist ("E. Sundquist") was a citizen of Crook County, Oregon, at all times relevant to this action. At all times relevant to this action Plaintiffs were a married couple under the laws of the State of Oregon.

3.

The sale of the defective product took place in Deschutes County, Oregon and the injury at issue took place in Crook County, Oregon.

4.

Defendants SharkNinja Operating LLC, SharkNinja Management LLC and SharkNinja Sales Co, are Delaware Corporations (hereinafter "SharkNinja" Defendants) with their principal places of business in Massachusetts. SharkNinja Defendants sell, distribute, market and ship household products, including the Defective Device throughout the State of Oregon, including Multnomah County.

5.

Defendants Walmart, Inc. ("Walmart") is a Delaware Corporation with its principal place of business in Arkansas. Walmart at all times material operated retail sales businesses under the laws of the State of Oregon.

/ / /

/ / /

Page 2 – PLAINTIFFS' FIRST AMENDED COMPLAINT                    2021-73

6.

Pursuant to ORS 14.080 Defendants are residents of Multnomah County, Oregon because they conduct regular, sustained business activities in Multnomah County, Oregon.

7.

Upon information and belief, the SharkNinja Defendants were the manufacturers of the Defective Device which is the subject of this action. The Walmart Inc location in Redmond, Oregon distributed, marketed, and sold the Defective Device.

8.

This Court has jurisdiction over the parties and the subject matter of this lawsuit.

9.

This Court has personal jurisdiction over Defendants pursuant to ORCP 4.

10.

Venue is proper in this Court pursuant to ORS 14.080.

**FACTS**

11.

On February 3, 2019, Plaintiffs purchased a SharkNinja Nutra Ninja Pro Model BL450, previously referred to as Defective Product, from the Walmart Store in Redmond, Oregon. Plaintiff K. Sundquist sparingly used the Defective Product to make a variety of smoothies, and hair care conditioning solutions. Plaintiff K. Sundquist used the Defective Product no more than 25-30 times with no problems. At all times Plaintiff K. Sundquist used the Defective Product as intended.

12.

On September 2, 2021, at her home in Prineville, Oregon, Plaintiff K. Sundquist was making a smoothie when suddenly and without warning, the Ninja Cup suddenly burst into two

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

pieces and Plaintiff K. Sundquist's right hand fell into the blade assembly of the Defective Product. The blade assembly continued to spin under power and caused severe injury to Plaintiff K. Sundquist's right thumb and fingers. Plaintiff's doctors estimated the blade struck her had repeatedly causing severe damage to her bones, muscles, tendons and blood vessels and arteries. The damage to Plaintiff K. Sundquist's artery required three separate tourniquets and resulted in Plaintiff being airlifted to St. Charles Hospital in Bend, Oregon.

13.

SharkNinja Defendants designed, manufactured, and marketed the Defective Product. Defendants Walmart marketed and placed the Defective Product into the stream of commerce. Plaintiffs purchased the Defective Product from Walmart based on the marketing and implicit promises made by Defendants Walmart and the SharkNinja Defendants. The Defective Product was sold to Plaintiffs packaged, intact, and with all parts undisturbed.

14.

As a result of the defective design and/or construction which caused sudden, unwarned, and catastrophic failure while Plaintiff was using it for its intended purpose, Plaintiff K. Sundquist suffered injuries including, but not limited to:

a.    Partial traumatic metacarpophalangeal amputation of right thumb [S68.021A];

b.    Open fracture of shaft of metacarpal bone of the right thumb [S62.241B];

c.    Open proximal phalanx base fracture of right thumb [S62.511B];

d.    Laceration of extensor or abductor muscles, fascia and tendons of right thumb at forearm level [S56.321A];

e.    Laceration of blood vessel (artery) of right thumb [S65.411A];

f.    Injury of digital nerve of right thumb [S64.31XA];

g.    Laceration without foreign body of right index finger [S61.212A];

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

     h.      Pain in right hand [M79.641];

     i.      Exacerbation of Post-Traumatic Stress [F43.10].

15.

The defective nature of the device is readily evident from the manner in which it failed as

shown in photographs taken on the day of the incident:





16.

Plaintiff's injuries were documented with photographs including, but not limited to:

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496





17.

Plaintiff K. Sundquist underwent a surgical repair to her right hand. Nevertheless, the injuries Plaintiff K. Sundquist suffered as a result of the failure of the Defective Product are ongoing and permanent in nature. Plaintiff K. Sundquist was 47 years old at the time of the incident and was right-handed.  The injury to Plaintiff K. Sundquist's hand caused a profound impact on her life.  She can no longer brush her teeth, put on make-up, zip or button her clothes or use her hand has she had before the injury. Plaintiff cannot write with her right hand, open jars, containers,

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

or her medication bottles.  Plaintiff K. Sundquist was forced to re learn to do all activities of daily living with her left hand.  The injury has caused permanent injury, lasting disfigurement, anxiety, depression, aggravation of pre-existing conditions. Plaintiff K. Sundquist may never regain the pre-injury use of her hand, or a return to pre-injury status.

18.

Plaintiff E. Sundquist was present at the time of injury and suffered severe emotional distress as a result of witnessing his wife's horrific injury. Plaintiff E. Sundquist has taken on nearly all the household duties in addition to providing care for his wife. He has had to take time off from work to care for his wife, drive to her medical appointments and assist in her home care. Plaintiff E. Sundquist has begun counseling as a result of his emotional trauma. He has been deprived of the care and love of his wife as all her physical, mental and emotional energy has gone towards her own injuries, treatment, and recovery.

19.

As a result of the failure of the Defective Device, Plaintiff K. Sundquist will require future medical treatment, to include future surgery, physical rehabilitation, and mental health treatment.

20.

As a result of the failure of the Defective Device, Plaintiff K. Sundquist has not returned to employment.   Plaintiff K. Sundquist may never be able to return to pre-injury employment and any future employment opportunities will be necessarily negatively impacted by her injury.

**FIRST CLAIM FOR RELIEF**

**(Strict Products Liability: Manufacturing Defect)**

**(Plaintiff K. Sundquist v. All Defendants)**

21.

Plaintiff K. Sundquist realleges the above as if fully set forth herein.

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

22.

At all times material hereto, SharkNinja Defendants were in the business of manufacturing and selling the Defective Device, and in fact sold a particular unit to Plaintiff K. Sundquist, through distributors and retailers Defendants Walmart.

23.

The Defective Device or components were defective in manufacture and construction and unreasonably dangerous to the ultimate user, Plaintiff K. Sundquist, when the product left SharkNinja Defendants manufacturing facility. The Defective Device sold to Plaintiff K. Sundquist by the SharkNinja Defendants and Defendants Walmart was defective and unreasonably dangerous in that the ninja cup was unsafe; insufficient in quality, strength and durability; and not installed correctly.

24.

The Defective Device was intended to and did reach Plaintiff K. Sundquist without substantial change in its condition.

25.

The SharkNinja Defendants, and Defendant Walmart did not adequately warn Plaintiff K. Sundquist of the defective condition and unreasonably dangerous nature of the Defective Device.

26.

As a result of the defective manufacture or construction of the Defendants' Defective Device manufactured, sold, supplied, and introduced into the stream of commerce by Defendants, Plaintiff K. Sundquist sustained serious and permanent physical injury, harm, damages and economic loss as described herein and will continue to suffer such harm, damages and economic loss in the future. Plaintiff K. Sundquist's economic damages are as alleged below.

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

27.

As a result of the Defective Device's defect and unreasonably dangerous condition, Plaintiff K. Sundquist has suffered non-economic damages as alleged below.

28.

As a result of the Defective Device's defect and unreasonably dangerous condition, Plaintiff K. Sundquist is entitled to costs and disbursements in bringing this action.

29.

As a result of the Defective Device's defective and unreasonably dangerous condition, Plaintiff K. Sundquist is entitled to any other relief to which the Court deems she is entitled.

## SECOND CLAIM FOR RELIEF

### (Strict Products Liability: Design Defect)

### (Plaintiff K. Sundquist v. All Defendants)

30.

Plaintiff K. Sundquist realleges the above as if fully set forth herein.

31.

The Defective Devices or components, as manufactured and supplied by Defendants, were defective in design and formulation in that, when they left the hands of the Defendants the Defective Devices failed to meet the reasonable expectations of consumers, including Plaintiff K. Sundquist.

32.

The foreseeable risks associated with the design or formulation of the Defective Devices includes, but is not limited to, the fact that the design or formulation of the Defective Devices is more dangerous than a reasonably prudent consumer would expect when used in its intended manner. The defective design caused the Nutra Ninja Pro Cup to break apart and expose the user's

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

hand to spinning blades during use.  Furthermore, it was defective in that the Defective Devices blades did not contain a safety stop in the event of cup failure to removal of the cup during use.

33.

As a result of the defective manufacture or construction of the Defendants' Defective Device manufactured, sold, supplied, and introduced into the stream of commerce by Defendants, Plaintiff K. Sundquist sustained serious and permanent physical injury, harm, damages and economic loss as described herein and will continue to suffer such harm, damages and economic loss in the future. Plaintiff K. Sundquist's economic damages are as alleged below.

34.

As a result of the Defective Device's defect and unreasonably dangerous condition, Plaintiff K. Sundquist has suffered non-economic damages as alleged below.

35.

As a result of the Defective Device's defect and unreasonably dangerous condition, Plaintiff K. Sundquist is entitled to costs and disbursements in bringing this action.

36.

As a result of the Defective Device's defective and unreasonably dangerous condition, Plaintiff K. Sundquist is entitled to any other relief to which the Court deems she is entitled.

### THIRD CLAIM FOR RELIEF

### (Failure to Warn)

### (Plaintiff K. Sundquist v. All Defendants)

37.

Plaintiff K. Sundquist realleges the above as if fully set forth herein.

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

38.

At all times material hereto, the Defendants were the manufacturer, designer, distributor, seller, and/or supplier of the Defective Device or components and sold the Defective Device to consumers like Plaintiff K. Sundquist knowing they would be sold and used in consumer's homes.

39.

The Defective Device was expected to, and did, reach the Plaintiff K. Sundquist without substantial change or adjustment in its condition as designed, manufactured, and sold by the Defendants.

40.

The Defective Device as designed, developed, tested, manufactured, marketed, sold, and/or placed in the stream of commerce by Defendants was in a dangerous and defective condition when it left the hands of the Defendants and posed a threat to any user of the device.

41.

Plaintiff K. Sundquist was and is in the class of persons that Defendants actually considered, or should have considered, to be subject to the harm caused by the defective nature of the Defective Device.

42.

The Defective Device or components were sold and used in the manner for which it was intended. Plaintiff K. Sundquist's use of the Defective Device as intended by Defendants resulted in severe permanent physical, financial, and other injuries to the Plaintiff K. Sundquist, as described herein.

43.

Defendants knew or should have known that the Defective Devices as designed, developed, tested, manufactured, marketed, sold, and/or placed in the stream of commerce by Defendants was

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

in a dangerous and defective condition when it left the hands of the Defendants and posed a threat to any user of the device.

44.

Defendants failed to provide adequate and timely warnings or instructions regarding the Defective Device and its known defects.  In fact, the product manual creates no warnings of even the possibility of Ninja Cup failure resulting in impact with the blade assembly.

45.

As a direct result of the Defendants' failure to warn Plaintiff K. Sundquist of the dangerous condition of the Defective Device and Plaintiff K. Sundquists use of the Defective Device as designed, manufactured, sold, supplied, and introduced into the stream of commerce by Defendants and/or the Defendants' failure to comply with federal requirements, Plaintiff K. Sundquist sustained serious permanent physical injury, harm, damages and economic loss and will continue to sustain such harm, damages and economic loss in the future, as described herein.

46.

As a result of the failure to warn of the defective manufacture or construction of the Defendants' Defective Device manufactured, sold, supplied, and introduced into the stream of commerce by Defendants, Plaintiff K. Sundquist sustained serious and permanent physical injury, harm, damages and economic loss as described herein and will continue to suffer such harm, damages and economic loss in the future. Plaintiff K. Sundquist's economic damages are as alleged below.

47.

As a result of the failure to warn of the Defective Device's defect and unreasonably dangerous condition, Plaintiff K. Sundquist has suffered non-economic damages as alleged below.

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

48.

As a result of the failure to warn of the Defective Device's defect and unreasonably dangerous condition, Plaintiff K. Sundquist is entitled to costs and disbursements in bringing this action.

49.

As a result of the failure to warn of the Defective Device's defective and unreasonably dangerous condition, Plaintiff K. Sundquist is entitled to any other relief to which the Court deems she is entitled.

**FOURTH CLAIM FOR RELIEF**

**(Negligence)**

**(Plaintiff K. Sundquist v. All Defendants)**

50.

Plaintiff K. Sundquist realleges the above as if fully set forth herein.

51.

Defendants designed, manufactured, marketed, detailed, and advertised to consumers the Defective Device.

52.

As a result, Defendants had a duty to perform each of these functions reasonably and with reasonable and due care for the safety and well-being of consumers to which the devices would be sold.

53.

Defendants failed to use reasonable and due care for the safety and well-being of those in whom the Defective Devices would be sold and is, therefore, negligent in the following respects:

/ / /

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

a. Defendants failed to adequately design and manufacture the Defective Devices to ensure that the Ninja Cups could not fracture during use so that a consumer's hand would impact the blade assembly.

b. In failing to design and manufacture a safety switch that would disengage the blade assembly if the cup became separated from the base.

c. In failing to design and manufacture the Defective Product in such a way that an end user would not come into contact with the blade assembly when the Defective Device was in operation.

d. Defendants failed to adequately test the Defective Devices to ensure that it would not degrade, crack, or fracture during normal operation.

e. In failing to warn consumers that the Ninja Cup could fracture, degrade or fail.

f. In failing to warn consumers that if the Ninja Cup did fail, there was a risk of serious physical injury or death.

g. In failing to test the ability of the Ninja Cup to fail during normal use.

h. In failing to design and manufacture a device that did not rely on the users pressure to engage the blade assembly and for not designing and manufacturing the device without an on off switch.

54.

The above conduct illustrates Defendants' failure to exercise reasonable and appropriate care. It was foreseeable that such negligence would lead to device failure as well as severe, permanent, debilitating injury to patients, including Plaintiff K. Sundquist, as described herein.

55.

As a direct result of the Defendants' negligence, Plaintiff K. Sundquist has sustained, and will continue to suffer from, severe physical injuries which are permanent and lasting in nature, pain, upset, worry, loss of the capacity for the enjoyment of life, medical and nursing expenses,

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

surgical expenses, and economic loss as alleged herein. These damages have occurred in the past and will continue into the future.

56.

Alternatively, Plaintiff K. Sundquist assert negligence under the doctrine of res ipsa loquitur:

a. Defendants designed, manufactured, marketed, detailed, and advertised to consumers, the Defective Devices.

b. As a result, Defendants had a duty to perform each of these functions reasonably and with reasonable and due care for the safety and well-being of consumers.

c. Prior to the date of sale of the Defective Device, the Defective Device and all instrumentalities were under the exclusive control, care, custody, and supervision of the Defendants.

d. The catastrophic failure of the Nutra Ninja Pro intended for uses to which Plaintiff K. Sundquist applied it would not have occurred in the absence of negligence.

e. Under the doctrine of *res ipsa loquitur*, failure of the Defective Device is prima facie evidence of negligence, and the Court may presume a breach of Defendants' duty to Plaintiff K. Sundquist based upon the failure of the Defective Device alone.

f. As a direct result of the Defendants' negligence, Plaintiff K. Sundquist has sustained, and will continue to sustain, severe physical injuries which are permanent and lasting in nature, pain, upset, worry, loss of the capacity for the enjoyment of life, medical and nursing expenses, surgical expenses, and economic loss as alleged herein. These damages have occurred in the past and will continue into the future.

/ / /

/ / /

/ / /

/ / /

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

57.

As a result of the Defendants' negligence as alleged herein, Plaintiff K. Sundquist sustained serious and permanent physical injury, harm, damages and economic loss as described herein and will continue to suffer such harm, damages and economic loss in the future. Plaintiff K. Sundquist's economic damages are are as alleged below.

58.

As a result of the Defendants' negligence as alleged herein, Plaintiff K. Sundquist has suffered non-economic damages as alleged below.

59.

As a result of the Defendants' negligence as alleged herein, Plaintiff K. Sundquist is entitled to costs and disbursements in bringing this action.

60.

As a result of the Defendants' negligence as alleged herein, Plaintiff K. Sundquist is entitled to any other relief to which the Court deems she is entitled.

**FIFTH CLAIM FOR RELIEF**

**(Breach of Warranties)**

**(Plaintiff K. Sundquist v. All Defendants)**

61.

Plaintiff K. Sundquist realleges the above as if fully set forth herein.

62.

Plaintiff K. Sundquist reserves the right to present evidence in support of the claim, which is not presently in Plaintiff K. Sundquists possession, but which is not necessarily limited to: instruction for use manuals; all written material or information provided on and/or within any and all packaging associated with Plaintiff K. Sundquists Defective Device; manufacturer's labels,

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

package inserts; Adverse Event Reports and testing data.

63.

Plaintiff K. Sundquist used the defective device for its intended purpose.

64.

Contrary to the express and implied warranties, at the time the Defendants marketed, sold and/or distributed the Defective Device, it was not of merchantable quality or safe for their intended use as described above.

65.

As a direct and foreseeable result of one or more of the foregoing wrongful acts or omissions of and by the Defendants, the Defective Device caused Plaintiff K. Sundquist to sustain injuries of a permanent nature; Plaintiff K. Sundquist was caused to and will in the future be caused to endure pain and suffering; in an endeavor to cure said injuries, Plaintiff K. Sundquist was caused to and will in the future be caused to expend money for medical care; Plaintiff K. Sundquist has in the past and will in the future lose wage and/or the capacity to earn wages; furthermore, Plaintiff K. Sundquist was unable to and will in the future be unable to attend to normal affairs and duties for an indefinite period of time, and such other damages as alleged herein for which Plaintiff K. Sundquist is entitled to recover damages for economic and non-economic damages as alleged herein.

66.

As a result of the Defendants' breach of express and implied warranties, as alleged herein, Plaintiff K. Sundquist sustained serious and permanent physical injury, harm, damages and economic loss as described herein and will continue to suffer such harm, damages and economic loss in the future. Plaintiff K. Sundquist's economic damages are as alleged below.

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

### 67.

As a result of the Defendants' breach of express and implied warranties as alleged herein, Plaintiff K. Sundquist has suffered non-economic damages as alleged below.

### 68.

As a result of the Defendants' breach of express and implied warranties as alleged herein, Plaintiff K. Sundquist is entitled to costs and disbursements in bringing this action.

### 69.

As a result of the Defendants' breach of express and implied warranties as alleged herein, Plaintiff K. Sundquist is entitled to any other relief to which the Court deems she is entitled.

## SIXTH CLAIM FOR RELIEF

## (Unlawful Trade Practices)

## (Plaintiff K. Sundquist v. All Defendants)

### 70.

Plaintiff K. Sundquist realleges the above as if fully set forth herein.

### 71.

Defendants violated ORS 646.608 (l)(e), (g), and (t). ("UTPA"). Defendants violated the UTPA by:

a.   Representing goods (the Defective Device) as having a quality or qualities that the goods did not have, to wit, that they were safe to use as directed and were not unreasonably dangerous.

b.   Representing goods (the Defective Device) as being of a quality, grade, or standard which they were not, to wit, representing the Defective Device was of high quality and would not fail under ordinary use causing severe injury.

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

c.    Failing to disclose the material defects or material nonconformity alleged herein at the time of sale and/or delivery.

72.

Defendants' violations of the Oregon UTPA give rise to a right of civil action by Plaintiff K. Sundquist herein pursuant to ORS 646.638, including the right to reasonable attorney fees, costs and other equitable relief as deemed appropriate by the court.

73.

Defendants, and each of them, willfully violated Oregon's UTPA, as the term "willful" is defined pursuant to the Oregon UTPA.

74.

As a result of Defendants', and each of them, violation of the Oregon UTPA, Plaintiff K. Sundquist has suffered ascertainable loss as alleged herein.

75.

As a result of the Defendants' violation of the Oregon UTPA, as alleged herein, Plaintiff K. Sundquist sustained serious and permanent physical injury, harm, damages and economic loss as described herein and will continue to suffer such harm, damages and economic loss in the future. Plaintiff K. Sundquist's economic damages are as alleged below.

76.

As a result of the Defendants' violation of the Oregon UTPA, as alleged herein, Plaintiff K. Sundquist has suffered non-economic damages as alleged below.

77.

As a result of the Defendants' violation of the Oregon UTPA, as alleged herein, Plaintiff K. Sundquist is entitled to her reasonable attorney fees as well as costs and disbursements in bringing this action.

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

78.

As a result of the Defendants' violation of the Oregon UTPA, as alleged herein, Plaintiff

K. Sundquist is entitled to any other relief to which the Court deems she is entitled.

**SEVENTH CLAIM FOR RELIEF**

**(Violation of ORS 30.920)**

**(Plaintiff K. Sundquist v. All Defendants)**

79.

Plaintiff K. Sundquist realleges the above as if fully set forth herein.

80.

The SharkNinja Defendants were and are engaged in the business of manufacturing and

sell the Defective Product. Defendant Walmart was and is engaged in the business of distributing

and selling the Defective Product.

81.

At the time she purchased the Defective Product from Defendants, Plaintiff K. Sundquist

was within the class of people the Oregon Legislature intended to protect under ORS 30.920

because she was a member of the general public, a customer, and a consumer of the SharkNinja

Defendant's product, utilizing Defendant Walmart's retail and distributorship platform to obtain

the Defective Product.

82.

The harm suffered by Plaintiff K. Sundquist as a result of the Defendants' Defective

Product is of a type the Oregon Legislature intended to prevent by means of enacting ORS 30.920

because it was harm cause as a result of a defective and unreasonably dangerous product that

Defendants placed into the stream of commerce.

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

83.

Defendants sold the Defective Product to Plaintiff K. Sundquist.

84.

The Defective Product manufactured by the SharkNinja Defendants and sold to Plaintiff K. Sundquist by Defendant Walmart reached Plaintiff K. Sundquist without substantial change in the condition in which it was manufactured and sold.

85.

The Defective Product was defective and unreasonably dangerous in that the ninja cup was unsafe; insufficient in quality, strength and durability; and not installed correctly; the blades lacked a safety stop; and were defective in allowing a user's hand to come into contact with the spinning blades when used in a manner as directed.

86.

As a result of the defective manufacture or construction of the Defendants' Defective Device manufactured, sold, supplied, and introduced into the stream of commerce by Defendants, Plaintiff K. Sundquist sustained serious and permanent physical injury, harm, damages and economic loss as described herein and will continue to suffer such harm, damages and economic loss in the future. Plaintiff K. Sundquist's economic damages are as alleged below.

87.

As a result of the Defective Device's defect and unreasonably dangerous condition, Plaintiff K. Sundquist has suffered non-economic damages as alleged below.

88.

As a result of the Defective Device's defect and unreasonably dangerous condition, Plaintiff K. Sundquist is entitled to costs and disbursements in bringing this action.

/ / /

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

89.

As a result of the Defective Device's defective and unreasonably dangerous condition, Plaintiff K. Sundquist is entitled to any other relief to which the Court deems she is entitled.

**EIGHTH CAUSE OF ACTION**

**(Loss of Consortium)**

**(Plaintiff E. Sundquist v. All Defendants)**

90.

Plaintiff E. Sundquist realleges the above as if fully set forth herein.

91.

Plaintiff E. Sundquist is the husband of K. Sundquist. Prior to K. Sundquist's injury, and during their marriage, Plaintiff E. Sundquist enjoyed the conjugal fellowship, company, cooperation, aid, service, society, sexual attention, and affection of his wife.

92.

K. Sundquist suffered physical injuries caused by the Defendants' tortious conduct as alleged herein. As a result of K. Sundquist's physical injuries Plaintiff E. Sundquist has been deprived of the conjugal fellowship, company, cooperation, aid, service, society, sexual attention, and affection of his wife.

93.

As a result of the Defendants' tortious conduct causing injury to K. Sundquist, Plaintiff E. Sundquist has suffered non-economic damages as alleged below.

94.

As a result of the Defendants' tortious conduct causing injury to K. Sundquist, Plaintiff E. Sundquist is entitled to costs and disbursements in bringing this action.

/ / /

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

95.

As a result of the Defendants' tortious conduct causing injury to K. Sundquist, Plaintiff E. Sundquist is entitled to any other relief to which the Court deems she is entitled.

## DAMAGES ALLEGATIONS

96.

Plaintiffs reallege the above as if fully set forth herein.

97.

Defendants' actions and/or failure to act as alleged herein was a substantial contributing factor in causing Plaintiff K. Sundquist's injuries and damages including permanent physical injuries, impaired mobility, surgery to repair her amputation and all consequences of that surgery, pain, agony, interference with normal life activities, sleeplessness, night terrors, worry, medical expenses past and future all to Plaintiff K. Sundquist's economic damages in an amount to be determined at trial but no less than $100,000.00. Plaintiff K. Sundquist's economic damages continue to accrue, and her future medical damages are yet to be determined.

98.

Defendants' actions and/or failure to act as alleged herein was a substantial contributing factor in causing Plaintiff K. Sundquist's pain, suffering, anxiety, stress, humiliation, and the loss of daily function. Plaintiff K. Sundquist is substantially impaired in performing acts of daily living including but not limited to: paying bills, opening mail, preparing food, feeding herself, opening packages, locking/unlocking doors, cleaning, maintaining the home, sleeping, reading, playing sports, games, engaging in Yoga and Pilates, gardening, painting, home projects, decorating, and enjoying life. Plaintiff K. Sundquist experiences daily pain, stiffness, soreness, loss of function, and loss of motion in her right hand and arm. She suffers loss of sensation in her thumb and fingers. She is unable to provide care, attention, companionship, sexual attention, affection, and services

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

for her family. She has developed severe social anxiety, fear of crowds and groups, and extreme embarrassment of her own appearance. She has permanent scarring and permanent injury. These all go to Plaintiff K. Sundquist's non-economic damages more fully proven at trial, but which are no less than $5,000,000.00.

99.

Defendants' actions and/or failure to act as alleged herein was a substantial contributing factor in causing Plaintiff E. Sundquist's loss of consortium, conjugal fellowship, company, cooperation, and aid. Plaintiff's loss of services, society, sexual attentions and affections are all non-economic damages in an amount no less than $200,000.00.

**RESERVATION OF RIGHTS**

100.

Plaintiffs hereby reserves the right to amend this Complaint and supplement it with such further claims that become known to Plaintiffs during discovery, including but not limited to reserving the right to allege punitive damages.

**PRAYERS FOR RELIEF**

WHEREFORE Plaintiff K. Sundquist prays for judgment in her favor and against the SharkNinja Defendants and Defendant Walmart for the First through the Seventh Causes of Action alleged. Plaintiff K. Sundquist further requests a judgement awarding relief as follows:

1. Economic damages sustained by Plaintiff K. Sundquist in an amount to be determined at trial but in any event no less than $100,000.00;

2. Non-economic damages sustained by Plaintiff K. Sundquist in an amount to be determined at trial but in any event no less than $5,000,000.00;

3. For reasonable attorney fees and costs;

4. Costs disbursements incurred herein;

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

5. For pre-judgment interest; and

6. Granting such other relief as this Court deems equitable.

WHEREFORE Plaintiff E. Sundquist prays for judgment in his favor and against the SharkNinja Defendants and Defendant Walmart for the Eighth Cause of Action alleged. Plaintiff E. Sundquist further requests a judgment awarding relief as follows:

1. Non-economic damages sustained by Plaintiff E. Sundquist in an amount to be determined at trial but in any event no less than $200,000.00;

2. For reasonable attorney fees and costs;

3. Costs disbursements incurred herein;

4. For pre-judgment interest; and

5. Granting such other relief as this Court deems equitable.

Dated: October 4, 2023

       */s/Daniel E. Thenell*
Daniel E. Thenell, OSB #971655
Email: dan@thenelllawgroup.com
*Attorneys for Plaintiff*

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496